**Louise H. KARN, Appellant (Defendant below),**

v.

**Theodore HAYES et al., Appellees (Plaintiffs below).**

**No. 4469.**

Supreme Court of Wyoming.

Jan. 9, 1975.

---

Ford T. Bussart, Rock Springs, for appellant.

Thomas S. Smith, of Smith, Stanfield & Mendicino, Laramie, for appellees.

Before PARKER, C. J., McEWAN, GUTHRIE, and McCLINTOCK, JJ., and MAIER, District Judge.

District Judge MAIER delivered the opinion of the court.

Louise H. Karn, appellant here and one of the defendants below, has filed this ap-

peal from the judgment of the District Court of Uinta County which had enjoined the county clerk of Uinta County from issuing to appellant a certificate of nomination and required said clerk to issue such certificate to a candidate who had received fewer votes than appellant in the municipal primary election held in the city of Evanston on August 20, 1974.

■ At the outset, it should be noted that the parties evidently proceeded under the assumption that this was an "election contest" within the purview of § 22.1–242(a)(ii), W.S.1957, 1973 Cum.Supp.[1] This section provides:

> "(a) A qualified elector may contest the right of a person declared elected to an office in the elector's county, city, district or precinct, other than the office of state legislator, on the following grounds:
>
> *   *   *   *   *   *
>
> "(ii) The person whose election is contested is not eligible to hold the office *   *   *."

It would at least appear debatable whether this case involved the contest of the right of "a person declared elected to an office" since the action was filed after the primary but before the general election.

A review of the plaintiffs' complaint makes it clear, however, that a claim of injunctive relief and for declaration of rights under a statute, or statutes, was in fact stated. And the trial court so interpreted the claim, as evidenced by the judgment and decree, awarding injunctive relief, the effect of which was to declare appellant ineligible to be a candidate on the municipal election ballot at the general election on November 5, 1974, and to direct the submission of the next-high candidate on such ballot, pursuant to § 22.1–327, W.S.1957, 1973 Cum.Supp.[2]

---

1. A "stipulation" was filed, signed by counsel for all parties which provided, inter alia, "That the above matter was timely filed pursuant to § 22.1–242, W.S.1957." Also, counsel indicated this to be their understanding in oral argument before this court.

2. Section 22.1–327, W.S.1957, 1973 Cum.Supp. reads: "Vacancies in nomination.—A vacancy in nomination for a municipal office to be filled at a general election occurs if a candidate nominated at a primary election declines to accept the nomination, dies, moves

Conceivably, similar relief might have been sought, and afforded, under the provisions of § 22.1-92, W.S.1957, 1973 Cum. Supp.[3]; but this need not be, and is not, here decided. It is clear that a proper procedure was available under the declaratory judgment statute, §§ 1-1049 through 1-1064, W.S.1957. The fact, if it be a fact, that the parties proceeded under a misapprehension as to the proper theory of the case does not deprive the trial court of jurisdiction to render a judgment which the pleadings and proof in fact support. Rule 54(c), W.R.C.P.; Walton v. Atlantic Richfield Co., Wyo., 501 P.2d 802; 49 C.J.S. Judgments § 48, p. 111; 49 C.J.S. Judgments § 40, pp. 99, 100.

■ Proceeding, then, to the merits of the appeal, we will consider the appellant's argument which is founded entirely on the proposition that, as she asserts, the trial court's finding that Karn (appellant) is not a qualified elector or resident of the city of Evanston is (1) contrary to the evidence, and (2) contrary to the prevailing law of this jurisdiction.

In considering whether the finding is contrary to the evidence, a review of the record discloses, first, that this is a very brief record, and, second, that there is little, if any, conflict as to the facts. Briefly summarized, the material and relevant facts are as follows:

The individual plaintiffs (appellees) are qualified electors of the city of Evanston, Wyoming. The appellant, on July 5, 1974 executed a nomination petition and delivered the same to the city clerk of Evanston, and as a result the city clerk caused appellant's name to be placed on the ballot as a candidate for mayor of the city of Evanston for the primary election held August 20, 1974. Including appellant, there were three candidates listed on said primary election ballot. Following said primary election, the official canvass certified the result of the vote to be:

| | |
|---|---|
| Dan South | 638 votes |
| Louise H. Karn, (appellant herein) | 537 votes |
| Robert Burns | 434 votes |

This action was filed in the District Court of Uinta County on September 5, 1974, and resulted in the entry of a judgment by that court on October 25, 1974, which contained the finding that "[Appellant] is not a qualified elector or resident of the City of Evanston, Wyoming, and by reason thereof is not qualified to appear as a candidate for the office of mayor on the ballot for the municipal election * * *." The judgment, following this finding, enjoined the county clerk of Uinta County from issuing to appellant a certificate of nomination, and decreed that said county clerk issue a certificate of nomination to Robert R. Burns.

The record further discloses that appellant and her husband moved to Evanston in 1959, where the husband assumed his employment at the Wyoming State Hospital, which employment has continued to the present time; that the dwelling of appellant and her husband is furnished by the state of Wyoming, and is located on state land and constitutes a part of the Wyoming State Hospital enclave; that appellant's husband is required to reside therein, as a condition of his employment; that the dwelling occupied by them from 1959 until 1967 was located within the corporate limits of the city of Evanston; that in 1967 they moved to a new dwelling constructed by the state on property still a part of the State Hospital enclave, but outside the cor-

his residence from his constituency or becomes disqualified to hold the office for any reason provided by law. A vacancy in nomination shall be filled by the county clerk issuing a certificate of nomination to the person who received the next highest number of votes at the municipal primary election, or, if no other candidate exists, the vacancy in nomination shall be filled by the governing body of the city or town."

3. Section 22.1-92, W.S.1957, 1973 Cum.Supp. reads: "Action by electors.—Not later than three days after the ballot is posted an elector may file a petition in district court alleging that an error or omission exists in any official ballot to be voted within the county. The court may then order the ballot corrected, dismiss the petition, or issue an order to show cause to the officer responsible for preparing the ballot."

porate limits of the city of Evanston, and that they have continued to live in said dwelling from 1967 to the present time; that appellant owns no real property within the municipal limits of the city of Evanston; that appellant voted, since 1959 and at all times prior to August 20, 1974, in a precinct within the municipal boundaries of the city of Evanston, but that she voted, at the primary election on August 20, 1974, at a precinct which is not within said municipal boundaries, at the direction of the county attorney; that appellant is a citizen of the United States, a resident of the state of Wyoming, has registered as a voter in Uinta County, Wyoming and is over the age of 18 years; that appellant has for many years served the community interests of Evanston, Wyoming by service in and for many civic and community organizations and endeavors; that appellant's dwelling is connected to water and sewer services of the city of Evanston, and has on at least one occasion been furnished police protection from the Evanston police department; and that since 1967 the county assessor has assessed personal property taxes to appellant and her husband, a portion of which has been returned to the city of Evanston; and appellant testified she considered Evanston her home and intended to remain there.

Based on the foregoing facts, appellant contends the same to be insufficient as a basis for the court's finding that she "is not a qualified elector or resident of the City of Evanston." The first, and most direct, answer to this contention is paragraph 7 of the stipulation, which states unequivocally: "That since 1967 defendant Karn and her hysband [sic] have continued to maintain and live in the dwelling place located outside of the municipal boundaries of the City of Evanston."

Appellant seeks to avoid the consequences of this factual finding, however, by contending that "residence, for purposes of qualifying to hold municipal office, is the place of a person's customary habitation, and is to be determined by looking not only to the place of his fixed habitation but to other matters indicative of his intent."

In the consideration of appellant's contention, we first direct attention to § 22.1–312, W.S.1957, 1973 Cum.Supp. which states:

"All municipal offices are nonpartisan, and municipal officers shall be qualified electors *resident in* the municipality." [Emphasis supplied.]

If the meaning of the words in this section is that ascribed to them in their common and ordinary usage, this statute would seem to be determinative of the issue under consideration. It requires that such officers be qualified electors. A qualified elector is defined [4] as one who is (a) a citizen of the United States; (b) a bona fide resident of Wyoming; (c) has registered to vote; (d) will be at least 18 years of age on the day of the election at which he may offer to vote; (e) is not an idiot or an insane person; and (f) is not a convicted and unpardoned felon. No issue has been raised herein as to whether appellant meets all of these qualifications. Whether she is also a qualified elector entitled to vote in the municipal elections of the city of Evanston would depend on the application of § 22.1–315(b) to the facts of her case.[5] If it is assumed that she is a qualified elector and entitled to vote under the provisions of the last cited statute, which we do not here decide, we must still return to the provisions of § 22.1–312, and its additional requirement that municipal officers be "resident in the municipality." We think this provision is clear and unambiguous. It would seem, therefore, that if we were to hold that municipal officers need not be actually, or physically, resident in

4. Section 22.1–2(k), W.S.1957, 1973 Cum. Supp.

5. Section 22.1–315(b), W.S.1957, 1973 Cum. Supp. reads: "Only voters residing in precincts within a municipality may vote in its elections."

the municipality, we would do violence to the portion of § 22.1–312 quoted above.

As we understand appellant, however, she contends that we should not construe § 22.1–312, and particularly the word "resident" contained therein, in its common and ordinary usage, but that we must apply the definition of the word "residence" as it is contained in § 22.1–2, W.S.1957, 1973 Cum.Supp. The last cited section is the definition section of the Wyoming Election Code, adopted as Ch. 251, S.L. of Wyoming 1973, and contains a definition of "residence" as follows:

"(p) 'Residence' is the place of a person's customary habitation. The construction of this term shall be governed by the following rules:

"(i) Residence is the place where a person has a fixed habitation and to which, whenever he is absent, he has the intention of returning;

"(ii) A person shall not gain or lose residence merely by reason of his presence or absence while:

"(A) Employed in the service of the United States or of this state * * *.'"

Appellant asserts that since her husband, in his capacity as a state employee (and consequently she, as his spouse), was required to live in state-supplied housing, she did not lose "residence", pursuant to the cited section, when required in 1967 to move from one state-supplied dwelling, which was within the municipal boundaries, to a new state-supplied dwelling which was outside the municipal boundaries.

Even if we should interpret the last mentioned section as applying to a spouse, a matter on which there is no argument presented, we would first point out that this section, on which appellant relies, cuts both ways, i. e., it provides not only that a person shall not lose residence merely by reason of state employment, but it also provides that a person shall not *gain* residence for the same reason. The record discloses that appellant and her husband first came to Evanston to undertake his state employment at the Wyoming State Hospital and therefore their original habitation, being a state-furnished dwelling within the municipal boundaries, did not, under this section, make them residents of the city merely by reason of the move to, and residence in, such dwelling.

More important, however, is the fact that there was no showing that appellant had a place of fixed habitation within the corporate limits of the city of Evanston to which she had the intention of returning. She has therefore not brought herself within the statutory qualifications to stand for election in that city.

It is also noted that no question was raised as to the applicability of Art. 6, § 7 of the Wyoming Constitution, which provides:

"No elector shall be deemed to have lost his residence in the state, by reason of his absence on business of the United States, or of this state, or in the military or naval service of the United States."

We make no determination in that regard.

The pivotal question raised by this appeal is the following: May one be a candidate for municipal office in a Wyoming city or town without having and maintaining a dwelling or place of habitation physically situated within the municipal boundaries of such city or town?

We conclude that this question must be answered in the negative. We have already pointed out that to hold otherwise would do violence to that portion of § 22.-1–312 which requires that "All municipal officers * * * shall be qualified electors *resident in* the municipality." [Emphasis supplied.] In addition, we hold that appellant has not brought herself within the statutory qualifications to stand for election, when the pertinent definition of "residence" under § 22.1–2(p) is applied to the facts of this case.

Accordingly, the judgment of the trial court is affirmed.